UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x
SITE SAFETY LLC,

                Plaintiff,     Civil Action No.

      v.

SITE SAFETY TRAINING, LLC,     **Jury Trial Requested**

                Defendant.

---------------------------------x

## COMPLAINT

Plaintiff Site Safety LLC ("Plaintiff" or "Site Safety"), through its attorneys, complaining of Defendant Site Safety Training, LLC ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law and in equity to remedy acts of, *inter alia*, (1) trademark infringement under 15 U.S.C. § 1114(1); (2) false designation of origin under 15 U.S.C. § 1125(a); (3) unfair competition under the common law of New York; and (4) use of name with intent to deceive under N.Y. G.B.L. § 133.

2. Plaintiff owns the well-known trademark SITE SAFETY in connection with business consultation services in the field of construction.

3. Upon information and belief, Defendant, with full knowledge of the fame of the SITE SAFETY Mark, as hereinafter defined, and, upon information and belief, in a deliberate attempt to trade off such fame, recently began using the confusingly similar mark and company name, SITE SAFETY TRAINING, and filed a federal trademark Application to register the same.

1

4833-8343-2066, v. 1

## THE PARTIES AND JURISDICTION

4. Plaintiff is a New York limited liability company having an office and place of business at 21 West 38th Street, 12th Floor, New York, New York 10018.

5. Upon information and belief, Defendant is a New York limited liability company having an office and place of business at 48 Pavilion Rd., Suffern, New York 10901.

6. Upon information and belief, Defendant is transacting and doing business within this judicial district, is committing the acts complained of herein within this judicial district and is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

7. This court has original jurisdiction over Site Safety's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338, 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## PLAINTIFF'S WELL-KNOWN MARK

9. Site Safety is the owner of all right, title and interest in the mark SITE SAFETY in connection with business consultation services in the field of construction (the "SITE SAFETY Mark").

10. Site Safety's rights in the SITE SAFETY Mark include ownership of an incontestable federal registration, Registration No. 3,564,308 of January 20, 2009 for the SITE SAFETY Mark. A copy of this Registration is annexed hereto as Exhibit A.

11. The SITE SAFETY Mark is in full force and effect and has never been abandoned.

12. The SITE SAFETY Mark has been in use for almost twenty years. During that time, services provided under the SITE SAFETY Mark have been extensively promoted and received significant positive press and attention from the trade and public, denoting business

consultation services in the field of construction and related services of excellent quality and value, and the SITE SAFETY Mark is well known to consumers in the construction industry.

13. The SITE SAFETY Mark has gained secondary meaning and become a business asset of immense value to Site Safety.

## DEFENDANT'S INFRINGING ACTIVITIES

14. Long after Site Safety's adoption and use of the SITE SAFETY Mark, and long after the SITE SAFETY Mark achieved secondary meaning and widespread commercial recognition, on or about June 21, 2018, Defendant began using SITE SAFETY TRAINING as a service mark and company name in connection with construction-related training services (the "Infringing Mark").

15. Defendant's decision to use the Infringing Mark was done without Site Safety's knowledge, authorization or consent.

16. Shortly thereafter, on or about July 16, 2018, Defendant filed a federal intent-to-use service mark Application for the Infringing Mark, which was subsequently assigned Serial No. 88/038,666 (the "Infringing Application").

17. The SITE SAFETY Mark and the Infringing Mark are virtually identical, since the Infringing Mark consists of the SITE SAFETY Mark in its entirety with the descriptive word "training" tacked on the end.

18. The parties' construction-related services are identical.

19. Given the substantial similarity of the marks and the identical nature of the services, as well as the fame of the SITE SAFETY Mark, Defendant's use of the Infringing Mark has and will create the false impression that Defendant is associated with Site Safety, or that the services offered by the parties emanate from the same source or that there is an affiliation, license or other relationship between the parties, when in fact there is not.

4833-8343-2066, v. 1

20. The likelihood of confusion is particularly strong due to the geographic closeness of the parties - *i.e.*, Plaintiff has a main office in Manhattan, and Defendant is located in Suffern, a suburb of New York City.

21. Due to the longstanding fame of the SITE SAFETY Mark in the greater New York City area, where both Plaintiff's and Defendant's services are provided, as well as the identical nature of the services and virtually identical nature of the marks, upon information and belief, Defendant's acts alleged herein have been willful.

22. On or about August 7, 2018, Site Safety's counsel, Anna Vishev, Esq., sent a notice letter to Defendant objecting to Defendant's use of the Infringing Mark based upon Plaintiff's longstanding rights in the SITE SAFETY Mark and demanding that Defendant cease use of the Infringing Mark.

23. Defendant, in blatant and willful violation of Plaintiff's rights, refused to agree to Plaintiff's demands, necessitating this lawsuit.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

24. This Count arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq.*, particularly under U.S.C. § 1114(1), and alleges infringement of a federally registered service mark.

25. Site Safety repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

26. The use of the Infringing Mark by Defendant is without permission or authority of Site Safety and has continued despite Defendant expressly being put on notice of Plaintiff's rights by Plaintiff.

4833-8343-2066, v. 1

27. Defendant's use of the Infringing Mark has been and continues to be in a manner likely to cause confusion, to cause mistake and to deceive. Among other things, Defendant's use of the Infringing Mark is likely to lead others to mistakenly believe that Defendant's construction-related training services provided under the Infringing Mark originate from or are in some way associated with, sponsored or endorsed by, or related to Site Safety, when in fact they are not.

28. The aforesaid and continuing blatant and willful acts of Defendant infringe Site Safety's registered SITE SAFETY Mark in violation of 15 U.S.C. § 1114(1). Said continuing blatant and willful violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to Site Safety and its business, reputation and goodwill and has caused Site Safety to suffer monetary damages in an amount that has yet to be determined.

29. Unless restrained and enjoined, Defendant's willful continuing acts of infringement will cause Site Safety irreparable harm and damage for which there is no adequate remedy at law.

## COUNT II

## UNFAIR COMPETITION UNDER THE LANHAM ACT

30. This Count arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq.*, particularly under U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin and false descriptions and representations.

31. Site Safety repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

32. Defendant's blatant and willful use of the Infringing Mark is likely to create confusion and to deceive consumers as to the source of origin, sponsorship and/or authorization of Defendant's construction-related training services.

4833-8343-2066, v. 1

33. As more fully set forth above, the SITE SAFETY Mark is well known and has become indicative of the high quality business consultation services in the field of construction provided by Site Safety. As a result, the purchasing public and others in the construction industry are likely to mistakenly attribute to Site Safety the use by Defendant of the Infringing Mark as a source of origin, authorization, affiliation, and/or sponsorship for Defendant's construction-related training services and, therefore, to utilize Defendant's services in that erroneous belief.

34. Defendant's adoption and continued use of a mark confusingly similar to that of Site Safety as hereinabove alleged, constitutes a use in interstate commerce and a false designation of origin or false and misleading description or representation of services in commerce, which is likely to cause confusion, mistake and deception, and in commercial advertising and promotion, misrepresents the nature, characteristics, qualities and origin of Defendant's construction-related training services, within the meaning and in violation of 15 U.S.C. § 1125(a).

35. Defendant has used in connection with the promoting, offering for sale and selling of construction-related training services, false designations of origin and false descriptions and representations, including words or other symbols, which tend falsely to describe or represent such services and has caused such services to be promoted, offered for sale and/or sold in commerce and, upon information and belief, such use has been with full knowledge or willful blindness of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Site Safety. In particular, the use of the Infringing Mark by Defendant constitutes the use of false descriptions and representations tending to falsely describe the construction-related training services provided by Defendant.

36. Said continuing blatant and willful violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to Site Safety and its business, reputation and goodwill and has and will cause Site Safety to suffer monetary damages in an amount that has yet to be determined.

37. Unless restrained and enjoined, Defendant's continuing blatant and willful acts of infringement will cause Site Safety irreparable harm and damage for which there is no adequate remedy at law.

## COUNT III

### UNFAIR COMPETITION UNDER THE COMMON LAW OF NEW YORK

38. This claim arises under the common law of the State of New York and alleges the willful and intentional unfair competition by Defendant.

39. Site Safety repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

40. As more fully set forth above, Plaintiff's SITE SAFETY Mark is well known and has become indicative of the high quality business consultation services in the field of construction provided by Site Safety. As a result of Defendant's use of the Infringing Mark, the trade and purchasing public is likely to believe erroneously that Defendant's construction-related training services originate from Site Safety or that Defendant's construction-related training services are sponsored or endorsed by or affiliated with Site Safety when in fact they are not.

41. As more fully set forth above, and upon information and belief, Defendant has used the Infringing Mark with an intent to deceive and mislead the public into erroneously believing that the parties' services originate from the same source, or that there is an affiliation or other relationship between the parties.

7

42. As more fully set forth above, Defendant, in blatant and willful disregard of Plaintiff's rights, refused to cease using the Infringing Mark after being put on notice by Plaintiff.

43. The use by Defendant of the Infringing Mark constitutes passing off, unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices wherein Defendant's conduct is likely to cause confusion in the trade as to the source of Defendant's construction-related training services and/or is likely to lead the public to believe that Defendant and its construction-related training services are in some way connected with Site Safety when in fact they are not, all to the detriment of Site Safety and in violation of the common law of the State of New York.

44. Said continuing blatant and willful violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to Site Safety and its business, reputation and goodwill and has caused Site Safety to suffer monetary damages in an amount that has yet to be determined.

45. Unless restrained and enjoined, Defendant's blatant and willful continuing acts of infringement will cause Site Safety and the public irreparable harm and damage for which there is no adequate remedy at law.

## COUNT IV

## VIOLATION OF N.Y. G.B.L. § 133

46. This claim arises under N.Y. G.B.L. § 133 and alleges use of a name with intent to deceive.

47. Site Safety repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

4833-8343-2066, v. 1

48. Upon information and belief, Defendant, with intent to deceive and mislead the public, has and will continue to assume, adopt, and/or use as, or as part of its corporate, assumed, and/or trade name, for advertising purposes, for the purposes of trade, and/or for some other purpose, the Infringing Mark, which deceives and/or misleads the public as to the identity of Defendant and/or as to the connection of Defendant with Site Safety.

49. By reason of the foregoing, Site Safety has suffered, and will continue to suffer, substantial damages, and is suffering, and will continue to suffer, irreparable harm as a result of Defendant's use of the Infringing Mark.

## COUNT V

### CANCELLATION BASED ON LIKELIHOOD OF CONFUSION AND PRIORITY PURSUANT TO 15 U.S.C. § 1119

50. This Count arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq.*, particularly under 15 U.S.C. § 1119.

51. Site Safety repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

52. Based on the likelihood of confusion between Plaintiff's SITE SAFETY Mark and the Infringing Mark, and Plaintiff's priority of use, any registration resulting from the Infringing Application should be canceled.

WHEREFORE, Site Safety demands:

I. That a preliminary and permanent injunction be issued enjoining Defendant and its agents, servants, employees and attorneys and those persons in active concert or participation with them:

    A. from providing or promoting any goods or services under the Infringing Mark or from otherwise using the Infringing Mark or any other mark or name which contains the SITE SAFETY element or is confusingly similar

9

                to the SITE SAFETY Mark, including, without limitation, as a trademark, service mark, corporate name, trade name, assumed name or domain name;

       B.     from unfairly competing with Site Safety; and

       C.     from using in connection with the sale of any goods or services, a false or misleading description or representation including words or other symbols tending to deceive.

II.     That Defendant be required to pay such actual damages as Site Safety has sustained in consequence of the acts of Defendant complained of herein, and that any such monetary award be enhanced up to three times pursuant to the provisions of 15 U.S.C. § 1117.

III.     That Defendant be required to account to Site Safety for all profits resulting from Defendant's infringing activities and that such award of profits to Site Safety be increased by the Court as provided for under 15 U.S.C. § 1117.

IV.     That the Court find this case to be exceptional and award reasonable attorneys' fees to Site Safety.

V.     That Site Safety have a recovery from Defendant of the costs of this action pursuant to 15 U.S.C. § 1117.

VI.     That Defendant be required to pay to Site Safety punitive damages in connection with Site Safety's common law unfair competition claim.

VII.     That Defendant be ordered to deliver up to Site Safety for destruction all signs, advertisements, promotional materials and other written or printed material in its possession, custody or control which bear the Infringing Mark, alone or in combination with any other words, marks or other elements.

4833-8343-2066, v. 1

VIII.   That Defendant be required to abandon the Infringing Application and/or that the Commissioner of Trademarks be directed to cancel any registration resulting from the Infringing Application.

IX.   That Defendant be required to assign to Site Safety all domain names which incorporate the SITE SAFETY element.

X.   That Defendant be required to advise all relevant third parties, including without limitation, all relevant trade directories, that it will not operate under the Infringing Mark.

XI.   That Defendant be required to file all necessary paperwork, including without limitation, with the Secretary of State of New York State, to change its name to one that does not incorporate the SITE SAFETY element.

XII.   That Site Safety have all other and further relief as the Court may deem just and proper under the circumstances.

**JURY DEMAND**

Site Safety hereby demands a trial by jury on all claims and issues triable by a jury.

Respectfully submitted,

Dated: New York, New York
       December 26, 2018

By: _____
    Douglas A. Miro
    Holly Pekowsky

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Plaintiff Site Safety LLC
90 Park Avenue
New York, New York 10016
Tel No.: (212) 336-8000
Fax No.: (212) 336-8001

4833-8343-2066, v. 1